IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WAYNE SEIFERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-188J |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, denied. The Commissioner's decision of November 6, 2007, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence.

"Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed his pending application for supplemental security income on December 6, 2005, alleging a disability onset date of June 13, 2001 (later amended to May 10, 2005) due to various physical and mental impairments. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on September 14, 2006, at which plaintiff, represented by counsel, appeared and testified. On November 6, 2007, the ALJ issued a decision finding that plaintiff is not disabled. On June 25, 2009, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 48 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(d). Plaintiff has at least a high school education and has past relevant work experience as an administrative specialist in the Army, a security officer and a van driver, but he has not engaged in any substantial gainful activity since his application date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of history of complex partial seizures, sleep apnea, degenerative disc disease, diabetes, borderline personality disorder, bipolar disorder and post-traumatic stress disorder,[1] those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of his impairments.[2] (R. 15). Taking into account these limiting

---

[1] At issue on this appeal is the ALJ's analysis of plaintiff's mental impairments and their impact on plaintiff's ability to perform work.

[2] Specifically, the ALJ found plaintiff has the residual functional capacity "to perform light work which requires no more

effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including routing clerk-mail sorter, cleaner-housekeeper, and flower picker at the light exertional level, and final assembler, charge account clerk and product inspector at the sedentary exertional level. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. 42 U.S.C. §1382c(a)(3)(B).

---

than simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few work place changes and which requires no more than occasional interaction with supervisors, coworkers and members of the general public." (R. 15).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[3] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises several challenges to the ALJ's findings: (1) the ALJ improperly evaluated the medical evidence from plaintiff's treating psychiatrist; (2) the ALJ improperly evaluated plaintiff's credibility; and, (3) the ALJ's residual functional capacity finding and hypothetical to the vocational expert failed to account for all of plaintiff's limitations. Because the ALJ failed to consider a significant amount of relevant evidence from plaintiff's treating psychiatrist, and inadequately explained her rationale for discounting other evidence from that same treating source, this case must be remanded to the Commissioner for further proceedings.

---

[3] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

The standards for evaluating medical evidence from a treating source are well-established. See 20 C.F.R. § 416.927; SSR 96-2p. Under the Social Security Regulations and the law of this Circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. § 416.927(d)(2); Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. § 416.927(d).

In this case, plaintiff's treating psychiatrist was Dr. Cecilia Levich. Records from the Veterans Administration Medical Centers in Altoona and Pittsburgh show that plaintiff had 28 appointments with Dr. Levich between February 7, 2005, and March 13, 2007. (R. 265-416; 564-860). Dr. Levich completed mental health progress notes for each of these visits, all of which are contained within exhibits 3F and 18F of the administrative record that was before the ALJ. In addition, Dr. Levich completed an assessment of plaintiff's ability to do work-related mental activities on May 22, 2007. (R. 861-863).

Inexplicably, with the exception of Dr. Levich's May 22, 2007, assessment, which the ALJ afforded "minimal weight" after summarily discounting it in a single sentence because it "is not consistent with the evidence as a whole and is not supported by objective findings," (R. 20), the ALJ neglected to mention <u>any</u> of the other medical evidence from Dr. Levich. In fact, even in discussing Dr. Levich's assessment, the ALJ failed to identify Dr. Levich as a treating source.

It is axiomatic in social security cases that, although the ALJ may weigh the credibility of the evidence, she must give some indication of the evidence that she rejects and the reasons for discounting that evidence. <u>Fargnoli</u>, 247 F.3d at 43. Where the ALJ fails to consider and explain the reasons for discounting all of the relevant evidence before her, she has not met her responsibilities under the Act and the case must be remanded with instructions "to review all of the pertinent medical evidence, explaining any conciliations and rejections." <u>Burnett v. Apfel</u>, 220 F.3d 112, 122 (3d Cir. 2000).

Here, the ALJ failed to consider any of the treatment notes from Dr. Levich which clearly are pertinent medical evidence. First, the ignored mental health progress notes are from plaintiff's treating source who had an ongoing treatment relationship with plaintiff on a regular basis for over two years. 20 C.F.R. 416.902. Under the regulations, more weight generally is given to opinions from treating sources "since these sources are likely to be the medical professionals most able to provide a

detailed, longitudinal picture of [a claimant's] impairments." 20 C.F.R. 416.927(d)(2).

Moreover, the ignored mental health progress notes all set forth Dr. Levich's assigned GAF rating for plaintiff at the time of each appointment. The GAF score considers psychological, social and occupational functioning on a hypothetical continuum of mental health. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) (2000). GAF scores are used by "mental health clinicians and doctors to rate the social, occupational and psychological functioning of adults." Irizarry v. Barnhart, 233 Fed. Appx. 189, 190, n. 1 (3d Cir. 2007).

Here, Dr. Levich consistently assigned plaintiff GAF ratings between a high of 46 and a low of 40 throughout the two-year period she treated plaintiff. A GAF rating of 41-50 is meant to indicate "serious" symptoms or "serious" impairment in social and occupational functioning. DSM-IV-TR at 34. A GAF rating of 40, which Dr. Levich assigned at plaintiff's first two appointments in February of 2005, falls within the range meant to indicate "major" impairment in several areas, such as work or school, family relations, judgment, thinking or mood. Id.

While the Commissioner correctly points out that the use of the GAF scale is not endorsed by the Social Security Administration because its scores do not have a direct correlation to the disability requirements and standards of the Act, See 65 Fed.Reg. 50746, 50764-65 (2000), GAF scores nevertheless are

considered to be medical evidence that may inform the ALJ's judgment as to whether a claimant is disabled. See Irizarry, 223 Fed. Appx. at 192; Rios v. Commissioner of Social Security, 2011 WL 4059780 at * 2 (3d Cir., Sept. 14, 2011); Colon v. Barnhart; 424 F.Supp.2d 805, 814 (E.D. Pa. 2006). As such, they are to be considered under the standards set forth in the regulations for evaluating medical opinion evidence, taking into account numerous factors including, inter alia, their supportability and consistency. 20 C.F.R. §416.927(d).

Here, the record contains 28 separate reports from plaintiff's treating psychiatrist each assigning plaintiff GAF scores which consistently indicated serious, and on two occasions major, impairment in social or occupational functioning. Yet, the ALJ failed to acknowledge or consider these treatment notes in her decision. Because the ALJ did not discuss all of the relevant medical evidence, her decision is not supported by substantial evidence, and this case must be remanded for additional proceedings. See Irizarry, 223 Fed. Appx. at 192-93.

On remand, the ALJ must specifically address all of the relevant medical evidence, in particular that from Dr. Levich, and must explain her reasons for rejecting or discounting any particular evidence. She must re-evaluate Dr. Levich's May 22, 2007, assessment in light of the neglected treatment notes. And she must discuss what impact, if any, the neglected reports from Dr. Levich may have upon the ALJ's credibility and residual functional capacity findings.

The ALJ, of course, does not have to accept any findings from any particular medical source, even a treating source, so long as she adheres to the standards set forth in the regulations for evaluating medical evidence, 20 C.F.R. §416.927(d)(2), and gives some indication of the evidence she rejects and her reasons for rejecting it.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Lindsay Fulton Osterhout
521 Cedar Way
Suite 200
Oakmont, PA 15139

Stephanie L. Haines
Assistant U.S. Attorney
224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901