IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SEIFERT, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 10-188J<br>) |
| COMMISSIONER OF SOCIAL<br>SECURITY, | )<br>)<br>) |
| Defendant. | ) |

OPINION

Presently before the court is plaintiff's counsel's petition for attorney's fees under the Equal Access to Justice Act ("EAJA"). Upon due consideration of plaintiff's counsel's motion and brief, the government's opposition thereto and plaintiff's counsel's supplemental brief, the petition for EAJA fees will be granted, but the court will award attorney's fees under the EAJA in a lesser amount than plaintiff's counsel has requested.

This case came before the court upon plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act. Upon consideration of the parties' cross-motions for summary judgment, this court entered a memorandum judgment order granting plaintiff's motion for summary judgment and remanding the case to the Commissioner for further proceedings, in particular, a re-evaluation of the medical evidence.

Plaintiff's counsel has filed a petition for attorney's fees under §2412(d)(1)(A) of the EAJA, which provides in pertinent part:

> " ... a court shall award to a prevailing party ... fees and expenses ... incurred by that party in any civil action ...including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

In calculating a reasonable award of attorney's fees under a fee-shifting statute such as the EAJA, this court is to use the "lodestar formula," which involves multiplying the number of hours reasonably expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986).

Here, there is no dispute that plaintiff was a prevailing party within the meaning of the EAJA, nor does the Commissioner assert that the position of the United States was substantially justified or that special circumstances exist which would make an award of attorney's fees unjust. Instead, the Commissioner argues that plaintiff's counsel's fee request is excessive and should be reduced.

The pending petition seeks compensation for 44 hours of work at an hourly rate of $175.00 for a total of $7,700.00 in attorney's fees. The Commissioner opposes a fee award in this amount on two grounds: (1) that the requested amount is "far outside" the average EAJA attorney's fees award; and, (2) that the number of hours claimed by plaintiff's counsel for preparing plaintiff's summary judgment brief and reply brief is unreasonable.

After close scrutiny of the fees petition and the Commissioner's opposition brief, this court believes that the total amount of plaintiff's counsel's request is somewhat unreasonable and should be reduced, but not to the extent suggested by the Commissioner.

Initially, the court rejects the Commissioner's argument that the requested fee should be reduced because it falls far outside the "average" EAJA fee of "$3,000 to $4,000 per case." See, Astrue v. Ratliff, ___ U.S. ___, 130 S.Ct. 2521 at 2530 (2010)(J.Sotomayor, concurring). The issue in Ratliff was whether an EAJA attorney's fees award was payable directly to the litigant and therefore subject to an offset to satisfy the litigant's pre-existing debt to the government. The court held in the affirmative. Id. at 2524.

Justice Sotomayor's statement regarding the "average" fee award was set forth in her concurring opinion in which she argued that "EAJA fee awards, which average only $3,000 to $4,000 per case, have proved to be a remarkably efficient way of improving

AO 72
(Rev. 8/82)

access to the courts for the statute's intended beneficiaries, including thousands of recipients of Social Security and veteran's benefits." Id. at 2530.

This court does not believe that Justice Sotomayor's statement, in dicta, in any way can be read to suggest, as the government contends, that courts should consider the "average" award rather than the traditional lodestar formula in determining a reasonable fee under the EAJA. First, the "average" to which Justice Sotomayor cites pertained to cases involving fiscal years 1990-2006, see Neal v. Astrue, 741 F.Supp.2d 729, 732 (W.D.Pa 2010)(J. Schwab), and includes the average for fee awards under a "wide range of statutes" with social security cases and veterans' benefits cases representing the "lion's share." Ratliff, 130 S.Ct. 2530 n. 1.

Moreover, the Commissioner actually acknowledges in his brief that the <u>average</u> EAJA fee for plaintiff's counsel's firm to which the SSA <u>consented</u> over the last three years is $4,524, which is actually higher than the average referred to by Justice Sotomayor. As this is the average amount to which the SSA consented, it necessarily must encompass awards that both were higher and lower than $4,524 in particular cases.

Accordingly, the court believes that the lodestar approach dictates that an EAJA fee award is to be based on the reasonableness of the fee and that reasonableness must be assessed based on the particular record in a particular case, and not based on "averages."

The Commissioner also argues that, under the lodestar approach, plaintiff's counsel's EAJA fees request in this case is unreasonable. The hours claimed by plaintiff's counsel in this case may be broken down essentially into three areas: 7.0 hours for reviewing the file and transcript; 31.5 hours for drafting plaintiff's summary judgment brief; and, 5.5 hours for drafting plaintiff's reply brief. While taking no issue with the 7.0 hours spent on reviewing the file and transcript, the Commissioner suggests that the preparation of the summary judgment brief reasonably should have taken no more than 16.5 hours and the preparation of the reply brief no more than 2.5 hours.

Billing judgment, as used in the private sector, is an important component in assessing time claimed under a fee-shifting statute such as the EAJA. Hensley, 461 U.S. at 434. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Id. (emphasis in original; citation omitted). Accordingly, in reviewing a request for fees under the EAJA, this court has an obligation to reduce the number of hours claimed where they are documented inadequately, an unreasonable amount of time is expended on a particular task, or there is clear duplication of effort. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) ("Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.") (citing Hensley, 461 U.S. at 433).

After careful review, this court believes that the amount of time spent in preparing plaintiff's summary judgment brief and reply brief was somewhat excessive given their length and complexity and will reduce the EAJA fees award to reflect what it finds to be a more reasonable amount of time for that work.

Plaintiff's counsel requests 31.5 hours for preparing plaintiff's 32-page brief in support of motion for summary judgment. A closer look at the brief however demonstrates that of those 32 pages, 1 is the cover page, 1 is the table of contents, 1 is the procedural history, 2 cover the standard of review applicable in every social security case and 1 is the conclusion. Thus, of the 32 pages only 26 are actual legal argument. Moreover, some of those pages only contain ½ page or 3/4 page of text, others contain lengthy block quotes from case law, and many contain long footnotes with case citations.

The court also has examined the legal issues raised in plaintiff's counsel's brief in support of summary judgment. In this case, plaintiff's counsel raised three fairly standard arguments: that the ALJ erred in evaluating the medical evidence, that the ALJ erred in assessing plaintiff's credibility and that the ALJ's residual functional capacity to the vocational expert failed to account for all of plaintiff's limitations. These are issues which plaintiff's counsel certainly have raised innumerable times over the course of their careers and with which they are quite familiar, and the court does not believe that spending the equivalent of 4 full work days in preparing the brief was

AO 72
(Rev. 8/82)

reasonable. Given these factors, the court will reduce the requested hours for preparing plaintiff's summary judgment motion from 31.5 to 25 hours.

Likewise, for similar reasons, the court does not believe that it was necessary for plaintiff's counsel to spend 5.5 hours preparing their reply brief and will reduce the requested hours for that task from 5.5 to 3.

Based on the foregoing reductions, the court finds that plaintiff's counsel is entitled to reasonable compensation under the EAJA for a total of 35 hours of work at a rate of $175.00 per hour. Accordingly, the court finds that plaintiff's counsel is entitled to a total award of $6,125.00 in attorney's fees under the EAJA, which shall be paid directly to plaintiff, with full or partial remittance contingent upon a determination that plaintiff owes no qualifying, pre-existing debt to the government. Astrue v. Ratliff, 130 S.Ct. at 2524 (holding that EAJA fee award is payable to the litigant and subject to a government offset to satisfy a pre-existing debt that the litigant owed to the United States); Cruz v. Commissioner of Social Security, 437 Fed. Appx. 67, 69 (3d Cir. 2011).

An appropriate order will follow.

_/s/ Gustave Diamond_
Gustave Diamond
United States District Judge

Date: January 29, 2013

cc: Karl E. Osterhout, Esq.
    Lindsay Fulton Osterhout, Esq.
    Osterhout Disability Law, LLC
    521 Cedar Way
    Suite 200
    Oakmont, PA 15139

    Stephanie L. Haines
    Assistant United States Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901